

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME RAMOS, AKA Jasmine Ramos, | No. 13-70528 |
| Petitioner, | Agency No. A205-314-036 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 7, 2016[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and MOTZ,[***] Senior
District Judge.

Jaime Ramos, a native and citizen of El Salvador, petitions for review of an

order of the Board of Immigration Appeals (BIA) denying her application for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable J. Frederick Motz, Senior District Judge for the U.S.
District Court for the District of Maryland, sitting by designation.

asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Ramos challenges only the denial of her withholding and CAT claims before this court.

**1.** The BIA erred in evaluating Ramos's claim of past persecution. In order to demonstrate past persecution, an applicant for asylum or withholding must show that she was persecuted on account of a protected ground "*either* by the government *or* by individuals or groups the government is unable or unwilling to control." *Castro-Martinez v. Holder*, 674 F.3d 1073, 1080 (9th Cir. 2011) (emphasis added); *Afriyie v. Holder*, 613 F.3d 924, 936 (9th Cir. 2010). Ramos's beating by police officers constituted state action for purposes of establishing past persecution, and the BIA erred by requiring her to make some further showing that the Salvadoran government acquiesced in that attack. *See Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1088 (9th Cir. 2005); *Baballah v. Ashcroft*, 367 F.3d 1067, 1078 (9th Cir. 2004). Because the BIA's denial of Ramos's withholding claim relied on an incorrect legal standard, we grant the petition and remand for the BIA to reassess her eligibility for withholding under the correct standard.

**2.** With respect to Ramos's CAT claim, the BIA likewise erred in evaluating whether Ramos had proved that the Salvadoran government was unable or unwilling to protect her. Because Ramos was attacked by police, her beating was

necessarily "inflicted by . . . a public official." 8 C.F.R. § 1208.18(a)(1). She did not need to show that the government otherwise acquiesced in the assault. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079–80 (9th Cir. 2015). We remand for the BIA to consider the other elements of Ramos's CAT claim in the first instance.

**3.** The BIA and IJ also erred by failing to consider Ramos's argument that she will likely be persecuted or tortured if removed to El Salvador because she is a transgender woman. Ramos clearly asserted her gender identity as a basis for relief distinct from her sexual orientation. The immigration judge improperly conflated Ramos's gender identity and sexual orientation. *See id.* at 1080–81. Although the BIA acknowledged that Ramos is transgender, its opinion offers no indication that it actually considered whether she is entitled to withholding or CAT relief as a result. We remand to the BIA to conduct further proceedings necessary to consider this claim.

**PETITION GRANTED and REMANDED.**